DeMOSS, Circuit Judge, specially
concurring:
I concur fully in the holding of this opinion that simple automobile theft is not a crime of violence. I write separately to amplify the nature and extent of the confusion and ambiguities which exist as to the meaning of the term “crime of violence” which this opinion addresses only in a limited way. A computerized word check indicates that the term “crime of violence” is used 108 times in the United States Code and in the United States Sentencing Guidelines. In many of the instances where this term is used there is a cross-reference to a statutory definition. From a numerical standpoint, the most frequent *316 ly used cross-reference is that to 18 U.S.C. § 16, as set forth in the majority opinion. In some instances, the term is used without any cross-reference to a definition and in those instances it is impossible to determine the meaning to be ascribed to the term “crime of violence” as used therein.
There are, in fact, eight different definitions of the term “crime of violence” in the United States Code and the United States Sentencing Guidelines. These different definitions can be located at the following citations: 18 U.S.C. § 16, 18 U.S.C. § 924(e)(D)(3), 18 U.S.C. § 3156(a)(4), Fed. R.Crim.P. 32(f)(2), 28 U.S.C. § 540A(c), 42 U.S.C. § 13726(a)(1), U.S.S.G. § 2L1.2, application notes (B)(ii) and U.S.S.G. § 4B1.2(a). There are a variety of common elements in each of these definitions, but they each have differing words and phrases. I can see no rational justification for a defined term such as “crime of violence,” which is used as frequently as the term “crime of violence” is used, to have this many different meanings. I can see no rational justification for a prior conviction being categorized as a “crime of violence” under one of these definitions but not under another. Finally, I can see no rational justification for some of these definitions being closed-ended and self-contained; and others of these definitions have catch-all clauses which invite speculation and differing results depending upon who (prosecutor, defense counsel, probation officer, or judge) is making the interpretive call which these catch-all provisions require. In my view, the level of ambiguity generated by these varying definitions is totally unacceptable in a criminal justice system that claims to be based on due process. In my view, blame for this state of disarray falls squarely on the shoulders of the Congress (specifically the Judiciary Committees of the House and the Senate) and on the Sentencing Commission and its staff. It is not the task of the Judicial Branch to say which of these varying definitions the Congress intended to be controlling; nor is it the task of the Judicial Branch to make specific what Congress has failed to specify.